MESHACH J. COUCH, Respondent, v. EPHRAIM FISHER, Appellant.

1. *Judgment — Costs — Appeal.* — A judgment for costs will not support an appeal.

*Appeal from Andrew Circuit Court.*

*Heren & Rea*, for appellant.

*Higgins, Strong & Chandler*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The parties had mutual claims against each other, and had each instituted a suit against the other in the Andrew County Circuit Court. To adjust all the matters of difference and contention between them, they agreed to submit the same to arbitrators whose award should be final, and provision was made for having it entered as a judgment of court. The submission was made in writing in accordance with the statute, the whole proceedings were regular, and the award was duly made, subscribed and attested.

The controversy grew out of a money indebtedness on one side, and the renting of a farm and stocking it with sheep on the other, which sheep were to be taken care of by the tenant, and a quantity of wool and a certain number of the sheep were to be divided and returned to the landlord. The arbitrators found the amount of money due on one side, and the quantity of wool and number of sheep on the other, and so published in the award. The wool was delivered and the sheep tendered as directed in the award, but the money was not paid. The defendant, to show that the money was due, then gave notice that he would move to have the award confirmed and judgment entered thereon; and during

the term while the motion was pending the plaintiff appeared and excepted to what he termed the report of the referees, because certain orders were not recited in it, and because the award of the referees could not be made a judgment of the court. The exceptions were sustained and the matter was remitted back to the referees with certain instructions. Defendant excepted, and then, at his own request, a judgment was rendered against him for costs.

It is evident that the court entirely misapprehended the nature and character of the proceeding. There was nothing in it resembling a reference, but it was an arbitration throughout, designated and treated as such. The submission was in writing, the arbitrators were sworn, the parties gave bond to abide by the terms of the award, they were duly notified to appear and did appear, and all the evidence in the case was heard. The plaintiff never made any objections to the award, nor did he move to set the same aside as provided for by the statute, or give any notice to that effect.

But as the record now appears, we cannot rectify the error of the court. There is no final judgment in the case. A judgment for costs will not support an appeal, and the motion for the entry of a judgment on the award is still pending in the court. For this reason, then, the appeal must be dismissed. Judge Bliss concurs. Judge Adams absent.